Maurice H. Connell and Mae C. Connell (Husband and Wife) v. Commissioner.
Maurice H. Connell & Mae C. Connell v. Commissioner
Docket No. 32477.
United States Tax Court
1952 Tax Ct. Memo LEXIS 128; 11 T.C.M. (CCH) 771; T.C.M. (RIA) 52235; July 28, 1952
H. P. Forrest, Esq., 1505 Du Pont Bldg., Miami, Fla., and Chas. A. Morehead, Esq., for the petitioners. Thomas C. Cravens, Jr., Esq., for the respondent. TIETJENS
Memorandum Findings of Fact and Opinion TIETJENS, Judge: Petitioners contest a deficiency of $4,003.52 in income tax determined by the Commissioner for the year 1948. Several issues originally raised by the pleadings have been abandoned by petitioners. The only issue remaining for decision is whether petitioners can properly claim as a deduction certain expenditures made during the taxable year either for the management, conservation, or maintenance of property held for the production of income under section 23 (a) (2), Internal Revenue Code *129 , or, in the alternative, whether the expenditures were deductible as ordinary and necessary expenses in operating a trade or business during the taxable year. The proceeding was heard at Miami, Florida on April 18, 1952. The issue was conceded to be one of fact. After the submission of evidence and at the conclusion of the hearing decision was announced from the bench in favor of the petitioners. The following findings of fact are made based on proposed findings submitted by petitioners and comments thereon made by respondent. Findings of Fact The petitioners are individuals residing at Coral Gables, Florida. Maurice H. Connell was engaged in business as a consulting engineer in 1948. Petitioners filed a joint income tax return for 1948 with the collector for the district of Florida. In December 1942 petitioner Maurice H. Connell acquired a parcel of property near Hendersonville, North Carolina which consisted of approximately 26 acres and had on it an old residence, caretaker's cottage, and two or three minor buildings identified as a garage, a stable, and a tack house. The former owner had devoted the property to commercial purposes and petitioners intended to develop *130 the property for commercial and income-producing purposes and erect a summer resort hotel and cottages. In connection with the development of the property for income-producing purposes, the petitioners had prepared a line map, a topographical map, a profile map, plans for a hotel, map to obtain a loan, fixed roads, repaired the stables for hotel use, prevented erosion, purchased small tools and equipment, repaired ditches and walls, installed water supply, drew plans for cottages, repaired fences, and hired a caretaker. Petitioners, since date of acquisition of the property in December 1942 to the present date, expended various sums in conserving or maintaining the property for investment. During 1948 petitioners expended $5,339.38 in connection with the property. Of these expenditures, $539.38 represented personal expenses of the petitioners and capital expenditures. The remainder, or $4,800, were ordinary and necessary expenses paid for the production or collection of income, or for the management, conservation, and maintenance of property held for the production of income. Opinion It is not necessary for the purposes of this proceeding to decide whether the expenditures *131 of the $4,800 were ordinary and necessary business expenditures or whether they were expenses of the character contemplated by section 23 (a) (2), Frank R. Fageol, Docket No. 25884, Memorandum Opinion entered April 30, 1951 [10 TCM 377;]. In either event the expenditures would be deductible. The issue was characterized at the hearing as being a so-called "hobby" issue and is disposed of by our findings of fact. Petitioners are entitled to a deduction of $4,800. Decision will be entered under Rule 50.